UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| RUBEN R.M, <br><br> Petitioner, <br><br> v. <br><br> KRISTI NOEM, Secretary, U.S. Department of Homeland Security; TODD M. LYONS, Acting Director of Immigration and Customs Enforcement, Immigration and Customs Enforcement; DAVID EASTERWOOD, Acting Director of Enforcement and Removal Operations, St. Paul Field Office, Immigration and Customs Enforcement; PAMELA BONDI, U.S. Attorney General; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW; and RYAN SHEA, Sheriff of Freeborn County, Minnesota, custodian of detainees of the Freeborn County Jail, <br><br> Respondents. | Case No. 26-CV-354 (NEB/ECW) <br><br> ORDER ON PETITION FOR WRIT OF HABEAS CORPUS |

This matter is before the Court on Petitioner Ruben R.M.'s Petition for a Writ of Habeas Corpus. (ECF No. 1 ("Pet.").) Ruben R.M. is a citizen of Colombia who has lived in the United States since August 2023 when he entered the country without inspection. (*Id.* ¶¶ 2, 11–12, 21).

On August 27, 2023, Ruben R.M. was apprehended by the Department of Homeland Security ("DHS") in California and charged as removable under the

Immigration and National Act ("INA") Section 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i). (*Id.* ¶¶ 2, 12; ECF No. 1-1 at 6.) He was released on his own recognizance and issued a Notice to Appear in Minnesota. (Pet. ¶¶ 2, 11; ECF No. 1-1 at 4.) He has complied with all immigration requirements since his release and has a pending I-589 asylum application. (*Id.* ¶¶ 3–4, 8.) Ruben R.M. has no criminal record. (*Id.* ¶ 7.)

Despite his release on recognizance and pending asylum application, Immigration and Customs Enforcement ("ICE") detained Ruben R.M. on December 29, 2025 as he left a grocery store in Minnesota. (*Id.* ¶ 21.) Afterwards, Ruben R.M. filed this habeas action challenging his detention under 28 U.S.C. § 2241.

Ruben R.M. is one of hundreds of petitioners across the country who have challenged their custody without an individualized bond determination. Like those others, Ruben R.M. argues he has been misclassified as a detainee under 8 U.S.C. Section 1225(b)(2) of INA rather than Section 1226(a). Detention is mandatory under Section 1225(b)(2), but discretionary under Section 1226(a); and Section 1226(a), unlike Section 1225, provides a bond hearing. 8 U.S.C. §§ 1225, 1226; *see also Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 961–62 (D. Minn. 2025) (describing the legal framework of Sections 1225 and 1226).

Because he has been living in the United States since he entered the country over two years ago, Ruben R.M. asserts that Section 1226, rather than Section 1225, applies. He

2

therefore argues that he is entitled to a bond hearing and that his detention under Section 1225(b)(2) violates the Fifth Amendment and the Administrative Procedures Act.

The Court has already concluded that petitioners similarly situated to Ruben R.M. are governed by Section 1226 rather than Section 1225. *Andres R.E. v. Bondi*, No. 25-CV-3946 (NEB/DLM), 2025 WL 3146312 (D. Minn. Nov. 4, 2025). Section 1225(b)(2) applies to applicants "seeking admission," but the government did not detain Ruben R.M. while he was entering the United States. Instead, he was detained while "already in the country." *See Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (construing 8 U.S.C. Sections 1226(a) and (c)). So, Section 1226 applies.

The Court is not alone in its decision; rather, the majority of courts to rule on the matter—including the only federal court of appeals to weigh in on the issue—came to the same conclusion as *R.E. See, e.g., Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060–62 (7th Cir. 2025); *Francisco T. v. Bondi*, 797 F. Supp. 3d 970, 974–76 (D. Minn. 2025); *Belsai D.S. v. Bondi*, --- F. Supp. 3d ---, No. 25-CV-3682 (KMM/EMB), 2025 WL 2802947, at *6–7 (D. Minn. Oct. 1, 2025); *Eliseo A.A. v. Olson*, --- F. Supp. 3d ---, No. 25-CV-3381 (JWB/DJF), 2025 WL 2886729, at *2–4 (D. Minn. Oct. 8, 2025); *Avila v. Bondi*, No. 25-CV-3741 (JRT/SGE), 2025 WL 2976539, at *5–7 (D. Minn. Oct. 21, 2025), *appeal filed*, No. 25-3248 (8th Cir. Nov. 10, 2025); *E.M. v. Noem*, 25-CV-3975 (SRN/DTS), 2025 WL

3157839, at *4–8 (D. Minn. Nov. 12, 2025); *Santos M.C. v. Olson*, No. 25-CV-4264 (PJS/DJF), 2025 WL 3281787, at *2–3 (D. Minn. Nov. 25, 2025).

Respondents effectively concede that the Court's decision in *R.E.* controls Ruben R.M.'s Petition but ask the Court to reconsider its position in light of decisions from the minority viewpoint and refers the Court to Respondents' arguments in *Avila v. Bondi*, No. 25-3248 (8th Cir. Docketed Nov. 10, 2025). (ECF No. 5.) The Court is not persuaded by the minority viewpoint; it has already considered and rejected the minority position.[1] The Court therefore grants the Petition for Writ of Habeas Corpus.

The issue left for the Court is the appropriate remedy—immediate release or a bond hearing. Ruben R.M. asserts that immediate release is warranted because he has already been released on his own recognizance under Section 1226, and Section 1226 provides no authority to revisit that determination years later, especially without any material changes in Ruben R.M.'s circumstances. Respondents do not respond to this argument. Respondents' detention of Ruben R.M. without any notice or opportunity to be heard regarding the revocation of parole violated Ruben R.M.'s Fifth Amendment rights. *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1034–35 (N.D. Cal. 2025). Because Ruben R.M.'s liberty interest stems from his release on his own recognizance, immediate release

---

[1] The Court notes that Respondents' arguments to the contrary are preserved for appeal.

4

is warranted. *E.g.*, *Gergawi v. Larose*, No. 3:25-CV-3352, 2025 WL 3719321, at *4 (S.D. Cal. Dec. 23, 2025); *Mayamu K. v. Bondi*, No. 25-CV-3035 (JWB/LIB), 2025 WL 3641819, at *8 (D. Minn. Oct. 20, 2025). And, as Respondents acknowledge, Ruben R.M. was arrested in Minnesota without a warrant, something that Section 1226 requires. *E.g.*, *Ahmed M. v. Bondi*, 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *7 (D. Minn. Jan. 5, 2026); *Juan S.R. v. Bondi*, 26-CV-5 (PJS/LIB) (Jan. 12, 2026), ECF No. 8 at 3–4; *see also* 8 U.S.C. § 1226(a) ("On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States."). Respondents concede his arrest was warrantless, and simply preserve arguments made in prior cases, including *Avila v. Bondi*, No. 25-3248 (8th Cir. Docketed Nov. 10, 2025). Ruben R.M. is entitled to immediate release.

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED. The Court:

    a. DECLARES that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2);

5

    b.    ENJOINS Respondents from moving Petitioner outside of Minnesota prior to his release. If Petitioner has already been removed from Minnesota, Respondents are ORDERED to immediately return and release Petitioner in Minnesota;

    c.    ORDERS that Respondents must **immediately release** Petitioner from custody in Minnesota subject to the conditions of his August 27, 2023 Order of Release on Recognizance; and

    d.    ORDERS that, within **two days**, the Respondents shall file notice on the docket confirming that release within Minnesota has occurred.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: January 19, 2026　　　　　　　　　　　BY THE COURT:
Time: 5:34 p.m.　　　　　　　　　　　　　　　s/Nancy E. Brasel
　　　　　　　　　　　　　　　　　　　　　　Nancy E. Brasel
　　　　　　　　　　　　　　　　　　　　　　United States District Judge